UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FASENDER LOTY JOSEPH,

          Petitioner,

v.                                     Case No. 3:26-cv-875-MMH-SJH

TODD BLANCHE, et al.,

          Respondents.

_____

## **ORDER**

Petitioner Fasender Loty Joseph, an immigration detainee, is proceeding through counsel on a Verified Habeas Corpus Petition (Doc. 1; Petition). Joseph is a citizen of Haiti who entered the United States on May 14, 2024, "with Humanitarian Parol that was granted until May 14, 2026[.]" Id. at 5. On March 24, 2026, United States Immigration and Customs Enforcement (ICE) detained Joseph. Id. Joseph raises various challenges to his immigration detention and seeks immediate release. Id. at 6–7.

Respondent Warden filed a Motion to Dismiss (Doc. 13), arguing he is not a proper respondent in this case. The Federal Respondents filed a Response (Doc. 12; Response) asserting that they are now detaining Joseph under 8 U.S.C. § 1226(a), and conceding that to the extent he seeks an individualized bond hearing, the Court should grant the Petition based on the Eleventh

Circuit Court of Appeals' recent decision in <u>Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami</u>, - - - F.4th - - -, 2026 WL 1243395, at *14 (11th Cir. May 6, 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior"). Joseph filed a counseled Reply (Doc. 14; Reply). He asks the Court, among other things, to accept the Federal Respondents' concession that he is entitled to a bond hearing and direct that he be afforded an individualized bond hearing within seven days. Reply at 3.

When Joseph was detained in March 2026, he was not seeking entry at the border; therefore, as the Federal Respondents now concede, he is not subject to § 1225 and instead is detained under § 1226. <u>See</u> <u>id.</u> at *21 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act). Accordingly, it is

**ORDERED**:

1.      Joseph's Verified Habeas Corpus Petition (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this

---

[1] Because the Court finds that Joseph is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. <u>See</u> <u>Banks v. Dretke</u>, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting

2

Order, Respondents shall either afford Joseph an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Joseph, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2.     Respondent Warden's Motion to Dismiss (Doc. 13) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

3.     The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of June, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 6/2
c:
Counsel of Record

---

relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").